IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM LEWIS MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:19-cv-00623 |
| | ) | |
| DAVID COX, et al., | ) | JUDGE RICHARDSON |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is a pro se complaint (Doc. No. 1) and an amendment thereto (Doc. No. 6), filed by Plaintiff William Lewis Miles, an inmate of the Montgomery County Jail in Clarksville, Tennessee. Plaintiff has also filed an application for leave to proceed in forma pauperis (IFP) (Doc. No. 5) and a motion to appoint counsel. (Doc. No. 4.)

This matter is now before the Court for a determination of Plaintiff's pauper status and an initial review of the complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 5) will be granted by separate Order.

**INITIAL REVIEW OF THE COMPLAINT**

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a

plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

## II. ANALYSIS

Plaintiff does not specify the jurisdictional basis for his action. He asserted in his original complaint that he has "grounds for a defamation/libel civil suit" against Montgomery County Sheriff's deputies David Cox and Christopher Owens, Montgomery County Sheriff's spokesperson Sandra Brandon, and The Leaf-Chronicle newspaper. (Doc. No. 1 at 1.) In his amended complaint, filed as a matter of course without need of Court approval, *see* Fed. R. Civ. P. 15(a)(1), Plaintiff alleges that Defendants "all committed defamation of my character as defined in U.S. Statutes–Title 28–Part VI–Ch. 181–§ 4101." (Doc. No. 6 at 3.) The basis for his defamation claim is a newspaper report based on an interview with Defendant Brandon, in which she repeated as fact the deputies' allegations that Plaintiff attempted to hit them with his car, when that charge was subsequently dismissed as unsubstantiated. (Doc. Nos. 1, 6.) Plaintiff claims that the publication of these statements "damage[ed] [his] reputation beyond repair in today's climate of violence against police officers," as he is "now identified as someone who attempted to intentionally harm police officers." (Doc. No. 6 at 2.)

To the extent that Plaintiff is attempting to vindicate alleged violations of his federal rights under 42 U.S.C. § 1983—which creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws, *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012)— he must allege the violation of a federal right by a state actor. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014). Plaintiff relies on Title 28, Section 4101 of the United States Code, which defines defamation to mean "any action or other proceeding for defamation, libel, slander, or

similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person." 28 U.S.C. § 4101(1). However, this definitional code section applies to the chapter of Title 28 dealing with "Foreign Judgments," i.e., final judgments rendered by a tribunal in a foreign country. *Id.* § 4101(3), (4). The chapter culminates in the following authorization for suit: "Any United States person against whom a foreign judgment is entered on the basis of the content of any writing, utterance, or other speech by that person that has been published, may bring an action in district court, under section 2201(a), for a declaration that the foreign judgment is repugnant to the Constitution or laws of the United States." 28 U.S.C. § 4104(a)(1).

Plaintiff's suit against residents of Montgomery County, Tennessee is clearly not authorized by these federal statutes, and no other federal right is referenced in his pleadings. Even if the Court were to liberally construe his claim of damage to his reputation as arising under a liberty interest protected by Due Process Clause of the Fourteenth Amendment, the Supreme Court has clarified that such claims are not viable without an accompanying allegation of tangible loss of a protected interest, such as employment. *Siegert v. Gilley*, 500 U.S. 226, 233–34 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation"; injury to reputation alone "may be recoverable under state tort law but it is not recoverable in a [civil rights] action."); *see*, *e.g.*, *Palmer v. Schuette*, 768 F. App'x 422, 427 (6th Cir. 2019) (adopting district court's summary of Supreme Court authority on limited constitutional protection against defamation). At best, the amended complaint alleges grounds for a defamation claim under state law, against Defendants whose citizenship is not diverse from Plaintiff's. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where

4

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."); *Siegert*, 500 U.S. at 234 (affirming dismissal where petitioner "did assert a claim for defamation in this case, but made no allegations as to diversity of citizenship between himself and respondent").

With no viable federal question to adjudicate and no other jurisdictional basis for entertaining Plaintiff's defamation claim, the Court must dismiss this action. The dismissal will be without prejudice to Plaintiff's right to pursue any available relief in state court.

## CONCLUSION

For these reasons, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, and that this case must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion to appoint counsel (Doc. No. 4) will be denied as moot.

An appropriate Order will enter.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE